1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Byron R. Goldstein (SBN 289306)
   brgoldstein@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
4  Oakland, CA 94612
   Tel:  (510) 763-9800
5  Fax:  (510) 835-1417

6  Bruce C. Fox
   bruce.fox@obermayer.com
7  Jeffrey B. Cadle
   jeffrey.cadle@obermayer.com
8  Andrew J. Horowitz
   andrew.horowitz@obermayer.com
9  OBERMAYER REBMANN
   MAXWELL & HIPPEL LLP
10 500 Grant Street, Ste. 5240
   Pittsburgh, PA 15219
11 Tel.: (412) 566-1500

12 Attorneys for Plaintiff and the Proposed Class

13 **UNITED STATES DISTRICT COURT**

14 **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15 WILMA FOSTER, on behalf of herself and all others similarly situated, | Case No.: |
| 16  Plaintiffs, | CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION |
| 17 vs. | **COMPLAINT FOR DAMAGES** |
| 18 ADVANTAGE SALES AND MARKETING, LLC d/b/a ADVANTAGE SOLUTIONS, | DEMAND FOR JURY TRIAL |
| 19 | |
| 20  Defendant. | **1. Failure to Pay Overtime Wages under the Fair Labor Standards Act;** |
| 21 | **2. Failure to Pay Overtime Wages under the Cal. Lab. Code;** |
| 22 | **3. Failure to Provide Meal Periods under the Cal. Lab. Code;** |
| 23 | **4. Failure to Provide Rest Periods under the Cal. Lab. Code;** |
| 24 | **5. Failure to Provide Accurate Itemized Wage Statements under the Cal. Lab. Code;** |
| 25 | |
| 26 | **6. Failure to Pay All Wages Due Upon Termination under the Cal. Lab. Code; and** |
| 27 | |
| 28 | **7. California Unfair Competition Law.** |

4850-0741-5680

Plaintiff Wilma Foster states as follows:

## NATURE OF THE ACTION

1.      This class/collective action case arises out of the systemic unlawful treatment of Plaintiff and other similarly situated current and former Customer Development Managers ("CDMs") who worked for Defendant Advantage Sales and Marketing, LLC d/b/a Advantage Solutions ("Advantage"). Plaintiff alleges that she and other CDMs throughout the United States: (i) were misclassified as exempt from the overtime protections of the federal Fair Labor Standards Act ("FLSA"); (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law, and (iii) are entitled to liquidated damages pursuant to the FLSA.

2.      Additionally, Plaintiff alleges that she and other CDMs in California (i) were misclassified as exempt from the overtime protections of California Labor Code; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive any overtime premium pay as required by law; (iii) are entitled to meal and rest period premiums under Labor Code § 226.7 for Advantage's failure to provide meal or rest periods as required by the applicable Wage Order; (iv) are entitled to waiting time penalties under Labor Code § 203 for Advantage's failure to pay for all hours worked at the time of termination of employment (for those who are no longer employed by Advantage); (v) are entitled to statutory damages for Advantage's failure to provide accurate itemized wage statements under Labor Code § 226; and (vi) are entitled to restitution and an injunction under the Unfair Competition Law ("UCL") Business and Professions Code § 17200 *et seq*.

## THE PARTIES

3.      Plaintiff Wilma Foster is an adult individual residing in Castro Valley, California. Foster has been employed by Advantage since April 14, 2016, and became a CDM in December 2016. Foster remains employed by Advantage as a CDM. Her territory covers multiple locations between in the area of Hayward, California.

4.      Defendant Advantage Sales and Marketing, LLC d/b/a Advantage Solutions is a California limited liability company located in Irvine, California. Defendant maintains its headquarters

1

4850-0741-5680

1  at 18100 Von Karman Ave, Suite 1000, Irvine, California 92612. At all relevant times, Advantage has

2  continuously been an employer engaged in interstate commerce within the meaning of the FLSA, 29

3  U.S.C. §§ 206(a) and 207(a).

### JURISDICTION AND VENUE

5  5.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29

6  U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the subject matter

7  of Plaintiff's California state law claims under 28 U.S.C. § 1367(a), because they are so related to the

8  FLSA claims as to form part of the same case or controversy.

9  6.      This Court has jurisdiction over the Defendant, because Defendant is a company having

10  sufficient minimum contacts with the Northern District of California so as to render the exercise of

11  jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and

12  substantial justice.

13  7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

14  8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201

15  and 2202.

### FACTUAL BASIS OF PLAINTIFF'S CLAIMS

17  9.      Among its various services, Advantage operates a retail delivery and management service

18  through which it delivers the consumer products of its clients to retail stores.

19  10.     Advantage employs CDMs, including the Plaintiff, to be responsible for inventory and

20  advertising display within as many as 45 assigned retail stores within a designated geographic region.

21  11.     The CDMs are organized into teams that are singularly focused on a manufacturer and/or

22  class of trade, such as grocery, mass, drug, home improvement, convenience, club, military, and natural.

23  Plaintiff is one of a group of CDMs in the North American Nutrition team who are focused on Gatorade

24  and Quaker products (the "Gatorade CDMs").

25  12.     The principal job duties of Gatorade CDMs are to make sure that their assigned products

26  are properly stocked, priced and displayed within the shelf space at each of the CDMs' assigned stores.

27  13.     Gatorade CDMs also occasionally engage in product sales conversations with retail

28  managers.

COMPLAINT FOR DAMAGES

4850-0741-5680

14.     The following tasks are included in a Gatorade CDM's responsibilities at a retail store and take up the majority of their work time:

    a.     Setting up pre-stocked shippers (also referred to as point-of-sales) at assigned retail stores;

    b.     Building displays, end caps and stack-outs for Gatorade and/or Quaker products; and

    c.     Transporting cardboard displays for placement in retail stores.

15.     Additional duties of Gatorade CDMs include:

    a.     Participating in mandatory conference calls to receive instructions identifying the quantity of products to be delivered to assigned stores;

    b.     Traveling to and attending regional and national sales meetings; and,

    c.     Cleaning and maintaining storage space where promotional displays and products are delivered.

16.     Although Gatorade CDMs have a number of job duties, as outlined above, those responsibilities require no technical or specialized skills and no capital investment.

17.     Gatorade CDMs, in fact, do not have any managerial responsibilities. Nor do they have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

18.     In reality, Gatorade CDMs do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by supervisors based on directives from executive personnel of Advantage.

19.     Gatorade CDMs' principal duties consist of manual labor. They spend the majority of their working hours performing such tasks.

20.     Gatorade CDMs' duties do not relate directly to Advantage's management policies or general business operations.

21.     Gatorade CDMs do not have the authority to formulate policy or operating procedures.

22.     Gatorade CDMs do not have the authority to negotiate on behalf of or bind Advantage on significant matters.

3

COMPLAINT FOR DAMAGES

23.     Gatorade CDMs' primary duty is not making sales within the meaning of section 3(k) of the FLSA, and their primary duty is not obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer.

24.     Advantage willfully and deliberately misclassified the Gatorade CDMs as employees exempt from the overtime provisions of both the FLSA, and for California Gatorade CDMs, exempt from the overtime provisions of the California Labor Code and Wage Order, since December 2016.

25.     During the relevant time period, Advantage was well aware that the Gatorade CDMs worked at least 45 hours per week.

26.     Based on this willful misclassification, Advantage justified requiring Gatorade CDMs like the Plaintiff to work hours well in excess of 40 per week during the relevant time period, without any compensation (straight time or overtime) for hours beyond forty per week and over eight hours in a day, in violation of the FLSA and/or the California Labor Code.

27.     Advantage did not compensate Gatorade CDMs for all time those employees spent commuting between their homes and the first or last retail store serviced by them on a given workday.

28.     Advantage failed to maintain accurate and sufficient time records for the Gatorade CDMs, including the Plaintiff.

29.     At all times during the relevant time period, Advantage has failed to provide 30 minute off duty meal periods to California CDMs for every five hours of work.

30.     At all times during the relevant time period, Advantage has failed to provide a ten minute rest period to California CDMs for every shift from three and one-half hours to six hours in length, two ten minute rest periods for every shift of more than six hours up to ten hours, and three ten minute rest periods for shifts of more than ten hours up to fourteen hours.

31.     At all times during the relevant time period, Advantage has failed provide California CDMs with accurate itemized wage statements under Labor Code § 226 showing gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

COMPLAINT FOR DAMAGES

4850-0741-5680

## NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

32.     Pursuant to 29 U.S.C. § 216, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Advantage as Gatorade CDMs in the United States at any time since December 2016 (the "Collective Action Period") who were not paid for hours actually worked as well as for overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

33.     There are numerous similarly situated current and former Gatorade CDMs throughout the country who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

34.     Plaintiff and other Gatorade CDMs are similarly situated because they all had similar duties; performed similar tasks; were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically and properly exempted thereunder; were not so exempted; were subjected to similar pay plans; were required, suffered, or permitted to work, and did work, in excess of forty hours per week; and were not paid at a rate of one and one-half times their respective correct regular rates of pay for all such overtime hours worked.

## CALIFORNIA CLASS ACTION ALLEGATIONS

35.     Plaintiff Foster ("Plaintiff") seeks to proceed as a class action with regard to Plaintiff's California law claims, pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class of persons:

> All persons employed by Advantage within the State of California as a Customer Development Manager in the North American Nutrition team at any time since December 2016.

36.     The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are presently within the sole custody and/or control of the Defendant, upon information and belief, Advantage has employed over 40 CDMs in California since December 2016.

COMPLAINT FOR DAMAGES

4850-0741-5680

37.     Upon information and belief, a number of CDMs have left employment with Advantage from December 2016 through the present. Most of these CDMs would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

38.     The Plaintiff will fairly and adequately protect the interests of the putative California class and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the California class.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual California class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the California class members to individually seek redress for the wrongs done to them.

40.     Common questions of law and fact predominate in this action because Advantage has acted on grounds generally applicable to all members. Among the questions of law and fact common to the Plaintiff and California class members are:

a.     Whether Advantage employed the Plaintiff and California class members within the meaning of the FLSA;

b.     Whether Advantage willfully misclassified Plaintiff and California class members as exempt from the overtime provisions of the FLSA and California law;

c.     Whether Advantage failed to pay Plaintiff and California class members for all hours worked and whether they received no compensation, as well as no overtime compensation, for hours worked in excess of forty hours per workweek and hours worked in excess of eight hours per day, in violation of the FLSA and/or California law;

d.     What proof of hours is sufficient where the employer fails in its duty to maintain accurate time records within the meaning of the FLSA;

e.     Whether Advantage failed to pay all wages due to former employees in the California class at the time of their termination;

6

COMPLAINT FOR DAMAGES

f.      Whether Advantage failed to provide accurate itemized wage statements to Plaintiff and California class members;

g.      Whether Advantage's conduct is "unlawful," "unfair," or "fraudulent" under California Business & Professions Code § 17200 et seq.;

h.      Whether injunctive relief, restitution and other equitable remedies, and penalties are warranted;

i.      Whether Advantage is liable for all damages and prejudgment interest claimed hereunder; and,

j.      Whether Advantage is liable for costs and attorneys' fees.

41.     Plaintiff knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### [Fair Labor Standards Act]

42.     Plaintiff, on behalf of herself and all Collective Action Members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

43.     During the Collective Action Period, Advantage has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

44.     During the Collective Action Period, Advantage employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

45.     During the Collective Action Period, Advantage has had annual gross revenues in excess of $500,000.

46.     During the Collective Action Period, Advantage had a policy and practice of misclassifying the Gatorade CDMs, including Plaintiff and the Collective Action Members, as exempt under the FLSA.

47.     During the Collective Action Period, Advantage had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Gatorade CDMs for hours worked in excess of forty hours per workweek.

COMPLAINT FOR DAMAGES

4850-0741-5680

48.     As a result of Advantage's willful failure to compensate its Gatorade CDMs, including Plaintiff and the Collective Action Members, for all the hours worked by them, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Advantage has violated and continues to violate the FLSA, including sections 207(a)(1) and 215(a).

49.     As a result of Advantage's misclassification of its Gatorade CDMs and its attendant failure to record, report, credit and/or compensate the Plaintiff and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including sections 211(c) and 215(a).

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

51.     Due to Advantage's FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, is entitled to recover from Defendant their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

**SECOND CAUSE OF ACTION**
**[Cal. Labor Code §§ 510, 558, and 11984 *et seq.***
**and Wage Order No. 7-2001]**

52.     Plaintiff, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

53.     Since at least December 2016, Advantage required Plaintiff and California class members to work in excess of eight (8) hours per workday and forty (40) hours per workweek. However, Advantage failed to fully pay the overtime wages that Plaintiff and California class members earned.

54.     California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

55.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full

8

4850-0741-5680

1  amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs

2  of suit.

3      56.    During all relevant times, Advantage knowingly and willfully failed to pay overtime

4  earned and due to Plaintiff and California class members. Advantage's conduct deprived Plaintiff and

5  California class members of full and timely payment for all overtime hours worked in violation of the

6  California Labor Code.

7      57.    Plaintiff, on behalf of herself and similarly situated California class members, also

8  requests further relief as described below.

9  **THIRD CAUSE OF ACTION**
**Failure to Provide Mandated Meal Periods**

10  **[Cal. Labor Code §§ 226.7, 512, and 1194, and Cal. Code Regs. tit. 8 §§ 11040, 11070]**

11      58.    Plaintiff, on behalf of herself and all California class action members, re-alleges and

12  incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

13      59.    California Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ

14  an employee for a work period of more than five hours per day without providing the employee with a

15  meal period of not less than 30 minutes. An employer may not employ an employee for a work period

16  of more than 10 hours per day without providing the employee with a second meal period of not less

17  than 30 minutes . . . ."

18      60.    Wage Order Nos. 4 and 7 each state, in relevant part, "No employer shall employ any

19  person for a work period of more than five (5) hours without a meal period of not less than 30 minutes."

20  If no meal period is provided, the Wage Orders require the employer to "pay the employee one (1) hour

21  of pay at the employee's regular rate of compensation for each workday that the meal period is not

22  provided."

23      61.    California Labor Code § 226.7 states, in relevant part, "An employer shall not require an

24  employee to work during a meal … period mandated pursuant to an applicable statute, or applicable

25  regulation, standard, or order of the Industrial Welfare Commission."   Section 226.7 requires an

26  employer to pay one additional hour of pay at the employee's regular rate if the meal or rest period is

27  not provided.

28

9
COMPLAINT FOR DAMAGES

4850-0741-5680

62.     Since at least December 2016, Advantage failed to provide Plaintiff and California class members meal periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001.

63.     As a result of Advantage's willful and unlawful failure to provide Plaintiff and California class members mandated meal periods, Plaintiff and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

64.     Plaintiff, on behalf of herself and similarly situated California class members, also requests further relief as described below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Mandated Rest Periods**
**[Cal. Labor Code § 226.7, and Wage Order No. 7-2001]**

65.     Plaintiff, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

66.     The applicable Wage Order states in pertinent part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

67.     Since at least December 2016, Advantage failed to provide Plaintiff and California class members rest periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001.

68.     As a result of Advantage's willful and unlawful failure to provide Plaintiff and California class members mandated rest periods, Plaintiff and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, plus interest thereon, attorneys' fees and costs.

COMPLAINT FOR DAMAGES

4850-0741-5680

69.     Plaintiff, on behalf of herself and similarly situated California class members, also requests further relief as described below.

### FIFTH CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
### [Cal. Labor Code §§ 226 and 226.3, and Wage Order No. 7-2001]

70.     Plaintiff, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

71.     California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.

72.     During the period starting around December 2016 to the present, Advantage willfully failed to furnish Plaintiff and California class members, upon each payment of compensation, itemized wage statements accurately showing, at a minimum: gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

73.     During all relevant times, Plaintiff and California class members were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

74.     California Labor Code § 226(e) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation, up to $4,000. Pursuant to Labor Code § 226(g), Plaintiff and California class members are entitled to injunctive relief to ensure Advantage's compliance with Labor Code § 226.

75.     Plaintiff and California class members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

76.     Plaintiff, on behalf of herself and similarly situated California members, also requests further relief as described below.

COMPLAINT FOR DAMAGES

4850-0741-5680

**SIXTH CAUSE OF ACTION**
**Failure to Pay All Wages Upon Termination**
**[Cal. Labor Code §§ 201, 202, 203, and 256, and Wage Order No. 7-2001]**

77.     Plaintiff, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

78.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

79.     Where an employer willfully fails to pay discharged or quitting employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

80.     During all relevant times, Advantage knowingly and willful violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and California class members who are no longer employed by Advantage all wages owed as alleged herein. Advantage is therefore liable to Plaintiff and California class members who are no longer employed by Advantage for waiting time penalties as required by California Labor Code § 203.

81.     Plaintiff, on behalf of herself and similarly situated California members, also requests further relief as described below.

**SEVENTH CAUSE OF ACTION**
**Unfair Competition Law Violations**
**[Cal. Business & Professions Code § 17200 *et seq.*]**

82.     Plaintiff, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

83.     California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

84.     Plaintiff brings this cause of action individually and as representatives of all others subject to Advantage's unlawful acts and practices.

85.     Since at least December 2016, Advantage committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Advantage's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all

4850-0741-5680

1    hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing

2    to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep

3    required payroll records, and failing to pay all wages upon termination in violation of California law

4    and/or the FLSA.

5        86.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Advantage

6    reaped unfair benefits and illegal profits at the expense of Plaintiff and California class members.

7    Advantage must disgorge these ill-gotten gains and restore Plaintiff and California class members all

8    wrongfully withheld wages, including, but not limited to overtime compensation.

9        87.    Plaintiff, on behalf of herself and similarly situated California class members, also

10   requests further relief as described below.

11                              **PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees,

13   respectfully requests that this Court grant the following relief:

14       1.    Designation of this action as a collective action on behalf of the Collective Action

15   Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action Members,

16   apprising her of the pendency of this action, permitting her to assert timely FLSA claims in this action

17   by filing individual consents to opt into this proceeding and appointing Plaintiff and her counsel to

18   represent the Collective Action Members;

19       2.    Certification of this action as a class action pursuant to Rule 23 for the California class

20   members, and appointing Plaintiff as Class Representative and her attorneys as Class Counsel.

21       3.    Issuance of a declaratory judgment that the practices complained of herein are unlawful

22   under the FLSA and California law;

23       4.    Award of unpaid wages, as well as all overtime compensation, due under the FLSA and

24   California law to Plaintiff, the Collective Action Members, and the California class members;

25       5.    Award of liquidated damages to Plaintiff and Collective Action Members as a result of

26   Advantage's willful failure to pay for all wages dues as well as overtime compensation pursuant to the

27   FLSA;

28

COMPLAINT FOR DAMAGES

4850-0741-5680

1    6.    Award of meal and rest period premiums to Plaintiff and California class members for

2    Advantage's failure to provide meal and rest periods;

3    7.    Award of damages under California Labor Code § 226 for Advantage's failure to provide

4    accurate itemized wage statements;

5    8.    Award of waiting time penalties under California Labor Code § 203 for Advantage's

6    failure to pay former employees all wages due at the time of termination of employment;

7    9.    Award of pre-judgment and post-judgment interest;

8    10.    Enjoin Advantage from violating California law as alleged above;

9    11.    Award of costs and expenses of this action together with reasonable attorneys' and expert

10    fees; and,

11    12.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on claims so triable.

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

Dated: November 28, 2018          */s/ Laura L. Ho*_____
                                  Laura L. Ho
                                  *Attorney for Plaintiff and the Proposed Class*

COMPLAINT FOR DAMAGES

4850-0741-5680