Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Byron R. Goldstein (SBN 289306)
brgoldstein@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000; Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Bruce C. Fox (*pro hac vice*)
bruce.fox@obermayer.com
Jeffrey B. Cadle (*pro hac vice*)
jeffrey.cadle@obermayer.com
Andrew J. Horowitz (*pro hac vice*)
andrew.horowitz@obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
500 Grant Street, Suite 5240, Pittsburgh, PA 15219
(412) 566-1500

Attorneys for Plaintiffs, and the Proposed Class
And the State of California

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA FOSTER, ADAM THIMONS, and KIMBERLEY SCHMIDT, on behalf of themselves and all those similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>ADVANTAGE SALES AND MARKETING, LLC d/b/a ADVANTAGE SOLUTIONS,<br><br>      Defendant. | Case No. 3:18-cv-07205-LB<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>1. **Failure to Pay Overtime Wages under the Fair Labor Standards Act;**<br>2. **Failure to Pay Overtime Wages under the Cal. Lab. Code;**<br>3. **Failure to Provide Meal Periods under the Cal. Lab. Code;**<br>4. **Failure to Provide Rest Periods under the Cal. Lab. Code;**<br>5. **Failure to Provide Accurate Itemized Wage Statements under the Cal. Lab. Code;**<br>6. **Failure to Pay All Wages Due Upon Termination under the Cal. Lab. Code;**<br>7. **California Unfair Competition Law; and**<br>8. **California Private Attorney General Act.** |

1   Plaintiffs Wilma Foster, Adam Thimons, and Kimberley Schmidt state as follows:

2   **NATURE OF THE ACTION**

3   1.      This class/collective action case arises out of the systemic unlawful treatment of

4   Plaintiffs and other similarly situated current and former Customer Development Managers-Retail

5   ("CDMRs") who worked for Defendant Advantage Sales and Marketing, LLC d/b/a Advantage

6   Solutions ("Advantage").  Plaintiffs allege that they and other CDMRs throughout the United States:

7   (i) were misclassified as exempt from the overtime protections of the federal Fair Labor Standards Act

8   ("FLSA"); (ii) are entitled to unpaid wages from Defendant for work performed for which they did not

9   receive any compensation as well as overtime work for which they did not receive any overtime

10  premium pay as required by law, and (iii) are entitled to liquidated damages pursuant to the FLSA.

11  2.      Additionally, Plaintiff Foster alleges that she and other CDMRs in California (i) were

12  misclassified as exempt from the overtime protections of California Labor Code; (ii) are entitled to

13  unpaid wages from Defendant for work performed for which they did not receive any compensation as

14  well as overtime work for which they did not receive any overtime premium pay as required by law;

15  (iii) are entitled to meal and rest period premiums under Labor Code § 226.7 for Advantage's failure to

16  provide meal or rest periods as required by the Labor Code and the applicable Wage Order; (iv) are

17  entitled to waiting time penalties under Labor Code § 203 for Advantage's failure to pay for all hours

18  worked at the time of termination of employment (for those who are no longer employed by

19  Advantage); (v) are entitled to statutory damages for Advantage's failure to provide accurate itemized

20  wage statements under Labor Code § 226; (vi) are entitled to restitution and an injunction under the

21  California Unfair Competition Law, Business and Professions Code § 17200 *et seq.* ("UCL"); and,

22  (vii) are entitled to civil penalties and wages under the California Private Attorney General Act, Labor

23  Code §§ 2698 *et seq.* ("PAGA").

24  **THE PARTIES**

25  3.      Plaintiff Wilma Foster worked for Advantage from April 14, 2016 to February 1, 2019.

26  She worked as a CDMR from December 2016 to February 1, 2019.  Advantage assigned Ms. Foster to

27

28

733134.7

a territory that included stores in and around Hayward, California.  Ms. Foster resided in Castro Valley, California until February 2, 2019, and she now resides in Conyers, Georgia.

4.      Plaintiff Adam Thimons currently works as a CDMR for Advantage, and he worked as a CDMR during the collective action period.  Advantage assigned Mr. Thimons a territory that includes stores in New Jersey and southern Philadelphia.  Mr. Thimons has worked for Advantage since approximately 2009.  Mr. Thimons resides in Lindenwold, New Jersey.

5.      Plaintiff Kimberley Schmidt currently works as a CDMR for Advantage, and she worked as a CDMR during the collective action period.  Advantage assigned Ms. Schmidt a territory that includes stores in Edison, Beach Haven, and Franklin Park, New Jersey.  Ms. Schmidt resides in Ocean, New Jersey

6.      Defendant Advantage Sales and Marketing, LLC d/b/a Advantage Solutions is a California limited liability company located in Irvine, California.  Defendant maintains its headquarters at 18100 Von Karman Ave, Suite 1000, Irvine, California 92612.  At all relevant times, Advantage has continuously been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the subject matter of Plaintiff's California state law claims under 28 U.S.C. § 1367(a), because they are so related to the FLSA claims as to form part of the same case or controversy.

8.      This Court has jurisdiction over the Defendant, because Defendant is a company having sufficient minimum contacts with the Northern District of California to render the exercise of jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

10.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

733134.7

## FACTUAL ALLEGATIONS

11.     Among its various services, Advantage operates a retail delivery and management service through which it delivers the consumer products of its clients to retail stores.

12.     Advantage employs CDMRs, including the Plaintiffs, to be responsible for inventory and advertising display within as many as 45 assigned retail stores located in a designated geographic region.

13.     The CDMRs are organized into teams that are singularly focused on a manufacturer and/or class of trade, such as grocery, mass, drug, home improvement, convenience, club, military, and natural.  Plaintiffs are current and former CDMRs.

14.     The principal job duties of CDMRs are to make sure that their assigned products are properly stocked, priced, and displayed within the shelf space at each of the CDMRs' assigned stores.

15.     The following tasks are included in a CDMRs' responsibilities at a retail store and take up most of their work time:

        a.     Setting up pre-stocked shippers (also referred to as point-of-sales) at assigned retail stores;

        b.     Building displays, end caps, and stack-outs for retail products; and

        c.     Transporting cardboard displays for placement in retail stores.

16.     Additional duties of CDMRs include:

        a.     Participating in mandatory conference calls to receive instructions identifying the quantity of products to be delivered to assigned stores;

        b.     Traveling to and attending regional and national sales meetings; and,

        c.     Cleaning and maintaining storage space where promotional displays and products are delivered.

17.     The job duties described above require no technical or specialized skills and do not require capital investment.

18.     CDMRs do not have any managerial responsibilities.  Nor do they have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

4

733134.7

19.     CDMRs do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by supervisors based on directives from Advantage executives.

20.     CDMRs' principal duties consist of manual labor.  They spend most of their working hours performing such tasks, such as setting up displays.

21.     CDMRs' duties do not relate directly to Advantage's management policies or general business operations.

22.     CDMRs do not have the authority to formulate policy or operating procedures.

23.     CDMRs do not have the authority to negotiate on behalf of or bind Advantage on significant matters.

24.     CDMRs' primary duty is not making sales within the meaning of section 3(k) of the FLSA, and their primary duty is not obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer.

25.     Advantage willfully and deliberately misclassified the CDMRs as employees exempt from the overtime provisions of both the FLSA, and for California CDMRs, exempt from the overtime provisions of the California Labor Code and Wage Order, since January 2017.

26.     During the relevant time period, Advantage was well aware that the CDMRs worked at least 45 hours per week.

27.     Based on this willful misclassification, Advantage justified requiring CDMRs like the Plaintiffs to work hours well in excess of 40 per week during the relevant time period, without any compensation (straight time or overtime) for hours beyond forty per week and over eight hours in a day, in violation of the FLSA and/or the California Labor Code.

28.     Advantage did not compensate CDMRs for all the time those employees spent commuting between their homes and the first or last retail store serviced by them on a given workday.

29.     Advantage failed to maintain accurate and sufficient time records for the Gatorade CDMRs, including the Plaintiffs.

30.     At all times during the relevant time-period, Advantage has failed to provide 30-minute off duty meal periods to California CDMRs for every five hours of work.

733134.7

31.     At all times during the relevant time-period, Advantage has failed to provide a ten-minute rest period to California CDMRs for every shift from three and one-half hours to six hours in length, two ten-minute rest periods for every shift of more than six hours up to ten hours, and three ten-minute rest periods for shifts of more than ten hours up to fourteen hours.

32.     At all times during the relevant time-period, Advantage has failed to provide California CDMRs with accurate itemized wage statements under Labor Code § 226 showing gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

### NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

33.     Pursuant to 29 U.S.C. § 216, Plaintiffs seek to prosecute the FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Advantage as exempt CDMRs in the United States at any time since January 1, 2017 (the "Collective Action Period") who were not paid for hours actually worked as well as for overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

34.     There are numerous similarly situated current and former CDMRs throughout the country who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

35.     Plaintiffs and other CDMRs are similarly situated because they all had similar duties; performed similar tasks; were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically and properly exempted thereunder; were not so exempted; were subjected to similar pay plans; were required, suffered, or permitted to work, and did work, in excess of forty hours per week; and were not paid at a rate of one and one-half times their respective correct regular rates of pay for all such overtime hours worked.

### CALIFORNIA CLASS ACTION ALLEGATIONS

36.     Plaintiff Foster seeks to proceed as a class action for the California law claims, pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class of persons:

6

733134.7

1   All persons employed by Advantage within the State of California as an
2   exempt Customer Development Manager-Retail at any time since January
    1, 2017.

3       37.     The putative class is so numerous that joinder of all members is impracticable.

4   Although the precise number of such persons is unknown, and the facts on which the calculation of

5   that number would be based are presently within the sole custody and/or control of the Defendant,

6   upon information and belief, Advantage has employed over 40 CDMRs in California since January

7   2017.

8       38.     Upon information and belief, numerous CDMRs have left employment with Advantage

9   from January 2017 through the present.  Most of these CDMRs would not be likely to file individual

10  suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11      39.     Plaintiff Foster will fairly and adequately protect the interests of the putative California

12  class and has retained counsel that is experienced and competent in the fields of employment law and

13  class action litigation.  Plaintiff Foster has no interest that is contrary to or in conflict with those of the

14  California class.

15      40.     A class action is superior to other available methods for the fair and efficient

16  adjudication of this controversy.  Joinder of all members is impracticable.  The expense and burden of

17  individual litigation make it virtually impossible for the California class members to individually seek

18  redress for the wrongs done to them.

19      41.     Common questions of law and fact predominate in this action because Advantage has

20  acted on grounds generally applicable to all members.  Among the questions of law and fact common

21  to Plaintiff Foster and California class members are:

22          a.      Whether Advantage employed Plaintiff Foster and California class members

23  within the meaning of the FLSA;

24          b.      Whether Advantage willfully misclassified Plaintiff Foster and California class

25  members as exempt from the overtime provisions of the FLSA and California law;

26          c.      Whether Advantage failed to pay Plaintiff Foster and California class members

27  for all hours worked and whether they received no compensation, as well as no overtime

28

7

733134.7

compensation, for hours worked in excess of forty hours per workweek and hours worked in excess of eight hours per day, in violation of the FLSA and/or California law;

         d.     What proof of hours is sufficient where the employer fails in its duty to maintain accurate time records within the meaning of the FLSA;

         e.     Whether Advantage failed to pay all wages due to former employees in the California class at the time of their termination;

         f.     Whether Advantage failed to provide accurate itemized wage statements to Plaintiff Foster and California class members;

         g.     Whether Advantage's conduct is "unlawful," "unfair," or "fraudulent" under California Business & Professions Code § 17200 *et seq.*;

         h.     Whether injunctive relief, restitution and other equitable remedies, and penalties are warranted;

         i.     Whether Advantage is liable for all damages and prejudgment interest claimed hereunder; and,

         j.     Whether Advantage is liable for costs and attorneys' fees.

42.     Plaintiff Foster knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
#### [Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*]

43.     Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

44.     Plaintiffs expressly consent in writing to be parties to these collective actions pursuant to 29 U.S.C. § 216(b).  See Exhibits B-D, hereto.

45.     During the Collective Action Period, Advantage has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

46.     During the Collective Action Period, Advantage employed, and/or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

733134.7

47.     During the Collective Action Period, Advantage has had annual gross revenues in excess of $500,000.

48.     During the Collective Action Period, Advantage had a policy and practice of misclassifying the CDMRs, including Plaintiffs and the Collective Action Members, as exempt under the FLSA.

49.     During the Collective Action Period, Advantage had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to CDMRs for hours worked in excess of forty hours per workweek.

50.     As a result of Advantage's willful failure to compensate its CDMRs, including Plaintiffs and the Collective Action Members, for all the hours worked by them, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Advantage has violated and continues to violate the FLSA, including sections 207(a)(1) and 215(a).

51.     As a result of Advantage's misclassification of its CDMRs and its attendant failure to record, report, credit and/or compensate the Plaintiffs and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including sections 211(c) and 215(a).

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

53.     Due to Advantage's FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendant their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

733134.7

**SECOND CAUSE OF ACTION**
**[Cal. Labor Code §§ 510, 558, and 11984 *et seq.***
**and Wage Order No. 7-2001]**

54.    Plaintiff Foster, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

55.    Since at least January 2017, Advantage required Plaintiff Foster and California class members to work in excess of eight (8) hours per workday and forty (40) hours per workweek. However, Advantage failed to fully pay the overtime wages that Plaintiff Foster and California class members earned.

56.    California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

57.    California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

58.    During all relevant times, Advantage knowingly and willfully failed to pay overtime earned and due to Plaintiff Foster and California class members.  Advantage's conduct deprived Plaintiff Foster and California class members of full and timely payment for all overtime hours worked in violation of the California Labor Code.

59.    Plaintiff Foster, on behalf of herself and similarly situated California class members, also requests further relief as described below.

**THIRD CAUSE OF ACTION**
**Failure to Provide Mandated Meal Periods**
**[Cal. Labor Code §§ 226.7, 512, and 1194, and Cal. Code Regs. tit. 8 §§ 11040, 11070]**

60.    Plaintiff Foster, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

10

733134.7

61. California Labor Code § 512(a) states in pertinent part: "[A]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

62. Wage Order Nos. 4 and 7 each state, in relevant part, "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes."  If no meal period is provided, the Wage Orders require the employer to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

63. California Labor Code § 226.7 states, in relevant part, "An employer shall not require an employee to work during a meal … period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."  Section 226.7 requires an employer to pay one additional hour of pay at the employee's regular rate if the meal or rest period is not provided.

64. Since at least January 2017, Advantage failed to provide Plaintiff Foster and California class members meal periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001.

65. As a result of Advantage's willful and unlawful failure to provide Plaintiff Foster and California class members mandated meal periods, Plaintiff Foster and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

66. Plaintiff Foster, on behalf of herself and similarly situated California class members, also requests further relief as described below.

733134.7

**FOURTH CAUSE OF ACTION**
**Failure to Provide Mandated Rest Periods**
**[Cal. Labor Code § 226.7, and Wage Order No. 7-2001]**

67.     Plaintiff Foster, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

68.     The applicable Wage Order states in pertinent part, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . . .  If any employer fails to provide and employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee on (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." Labor Code § 226.7(a) states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

69.     Since at least January 2017, Advantage failed to provide Plaintiff Foster and California class members rest periods as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001.

70.     As a result of Advantage's willful and unlawful failure to provide Plaintiff Foster and California class members mandated rest periods, Plaintiff Foster and California class members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, plus interest thereon, attorneys' fees and costs.

71.     Plaintiff Foster, on behalf of herself and similarly situated California class members, also requests further relief as described below.

**FIFTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 226 and 226.3, and Wage Order No. 7-2001]**

72.     Plaintiff Foster, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

733134.7

73.     California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.

74.     During the period starting around January 2017 to the present, Advantage willfully failed to furnish Plaintiff Foster and California class members, upon each payment of compensation, itemized wage statements accurately showing, at a minimum: gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period and the corresponding number of hours worked at each hourly rate by the employee.

75.     During all relevant times, Plaintiff Foster and California class members were injured by these failures because, among other things, they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

76.     California Labor Code § 226(e) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation, up to $4,000.  Pursuant to Labor Code § 226(g), Plaintiff Foster and California class members are entitled to injunctive relief to ensure Advantage's compliance with Labor Code § 226.

77.     Plaintiff Foster and California class members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

78.     Plaintiff Foster, on behalf of herself and similarly situated California members, also requests further relief as described below.

### SIXTH CAUSE OF ACTION
**Failure to Pay All Wages Upon Termination**
**[Cal. Labor Code §§ 201, 202, 203, and 256, and Wage Order No. 7-2001]**

79.     Plaintiff Foster, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

13

733134.7

80.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

81.     Where an employer willfully fails to pay discharged or quitting employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

82.     During all relevant times, Advantage knowingly and willful violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff Foster and California class members who are no longer employed by Advantage all wages owed as alleged herein.  Advantage is therefore liable to Plaintiff Foster and California class members who are no longer employed by Advantage for waiting time penalties as required by California Labor Code § 203.

83.     Plaintiff Foster, on behalf of herself and similarly situated California members, also requests further relief as described below.

## SEVENTH CAUSE OF ACTION
### Unfair Competition Law Violations
### [Cal. Business & Professions Code § 17200 *et seq.*]

84.     Plaintiff Foster, on behalf of herself and all California class action members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

85.     California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

86.     Plaintiff Foster brings this cause of action individually and as representatives of all others subject to Advantage's unlawful acts and practices.

87.     Since at least January 2017, Advantage committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Advantage's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, failing to keep

733134.7

733134.7

required payroll records, and failing to pay all wages upon termination in violation of California law and/or the FLSA.

88.     Because of this unlawful and/or unfair and/or fraudulent business practice, Advantage reaped unfair benefits and illegal profits at the expense of Plaintiff Foster and California class members.  Advantage must disgorge these ill-gotten gains and restore Plaintiff Foster and California class members all wrongfully withheld wages, including, but not limited to overtime compensation.

89.     Plaintiff Foster, on behalf of herself and similarly situated California class members, also requests further relief as described below.

## EIGHTH CAUSE OF ACTION
### Violation of the Private Attorney General Act ("PAGA")
### [Cal. Labor Code § 2698 *et seq.*]

90.     Plaintiff Foster, on behalf of the state of California, brings a PAGA representative action alleging that, from November 30, 2017 to the present, Defendant violated numerous provisions of the California Labor with respect to CDMRs in California, and re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

91.     Plaintiff Foster is an "aggrieved employee" under PAGA as she was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein.  As such, she seeks to recover, on behalf of herself and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

92.     Plaintiff Foster seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required, but Plaintiff Foster may choose to seek certification of the PAGA claims.

93.     Plaintiff Foster seeks to pursue remedies pursuant to PAGA for the following violations:

a.     For Advantage's willful failure to pay California class action members overtime, California Labor Code § 558 makes liable for civil penalties any employer who violates California

733134.7

1  Labor Code § 510 or any order of the Industrial Welfare Commission, including Wage Order Nos. 4

2  and 7.  California Labor Code § 558 provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> > (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> >
> > (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> >
> > (3) Wages recovered pursuant to this section shall be paid to the affected employee.

b.       California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of the employee's overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

c.       For Advantage's willful failure to provide California class action members with meal periods or rest periods, California Labor Code § 226.7 requires an employer to pay one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.  Advantage is also liable for unpaid wages and overtime, plus interest, reasonable attorney's fees, and costs under California Labor Code § 1194.  Advantage is also liable for civil penalties under California Labor Code § 558 as described above for violating Wage Order Nos. 4 and 7.

d.       For Advantage's knowing and intentional failure to provide accurate wage statements, California Labor Code § 226.3 imposes a civil penalty, in addition to any other penalty provided by law, of two hundred fifty dollars ($250) per aggrieved employee for the first violation of California Labor Code § 226(a), and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation.

733134.7

e.       For Advantage's willful failure to pay all wages to an employee who is discharged or quits, the employee's wages continue from the due date at the same rate paid as a penalty under California Labor Code § 203.  The penalty does not continue for more than thirty (30) days. California Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty (30) days' pay.

f.       For Advantage's willful failure to keep accurate records as required by California Labor Code § 1174(d), including records of California class action members' overtime hours, driving time, off-site work, weekend hours, holiday hours, and meal periods, Advantage is subject to a civil penalty of five hundred dollars ($500) under California Labor Code § 1174.5. Advantage is also liable for civil penalties under California Labor Code § 558 as described above for violating Wage Order Nos. 4 and 7.

94.       A true and correct copy of the claim notice filed online with the California Labor and Workforce Development Agency ("LWDA"), a copy of which was sent via certified mail to Defendants, is attached as Exhibit A.  The PAGA claim was filed on November 30, 2018.  As of the filing of this Second Amended Complaint, the LWDA has provided no notice to Plaintiff Foster regarding its intention to investigate or not investigate Plaintiff's claims.

95.       Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiff's successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public.  Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiff Foster is incurring a financial burden in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees and costs from any recovery obtained.

96.       Because of the violations alleged, Plaintiff Foster, as an aggrieved employee on behalf of herself and other aggrieved employees employed by Defendant, seeks all wages and civil penalties available pursuant to California Labor Code § 2699, including all civil penalties, attorneys' fees, expenses, and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, respectfully request that this Court grant the following relief:

17

733134.7

A.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to opt into this proceeding and appointing Plaintiffs and their counsel to represent the Collective Action Members;

B.     Certification of this action as a class action pursuant to Rule 23 for the California class members, and appointing Plaintiff Foster as Class Representative and her attorneys as Class Counsel.

C.     Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and California law;

D.     Award of unpaid wages, as well as all overtime compensation, due under the FLSA and California law to Plaintiffs, the Collective Action Members, and the California class members;

E.     Award of liquidated damages to Plaintiffs and Collective Action Members because of Advantage's willful failure to pay for all wages dues as well as overtime compensation pursuant to the FLSA;

F.     Award of meal and rest period premiums to Plaintiff Foster and California class members for Advantage's failure to provide meal and rest periods;

G.     Award of damages under California Labor Code § 226 for Advantage's failure to provide accurate itemized wage statements to Plaintiff Foster and California class members;

H.     Award of waiting time penalties under California Labor Code § 203 for Advantage's failure to pay Plaintiff Foster and California class members former employees all wages due at the time of termination of employment;

I.     Award of civil penalties and wages under California Labor Code §§ 558 and 2698 *et seq.* for violations of Labor Code §§ 226.7, 510, 512, 1174, and 1194;

J.     Award of pre-judgment and post-judgment interest;

K.     Enjoin Advantage from violating California law as alleged above;

L.     Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

M.     Such other relief as this Court deems just and proper.

733134.7

1

## **JURY TRIAL DEMANDED**

2
       Plaintiffs demand a trial by jury on claims so triable.

3
Dated:  December 10, 2019            Respectfully submitted,

4
                                   GOLDSTEIN, BORGEN, DARDARIAN & HO

5
                                   */s/ Laura L. Ho*

6
                                   Laura L. Ho

7
                                   Attorneys for Plaintiffs, and the Proposed Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

733134.7